IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

JEFFREY L. RETZLAFF,

                       Plaintiff,

     v.

CITY OF CUMBERLAND and
OFFICER JOHN SMITH,

                  Defendants.

ORDER

09-cv-692-slc

---

Plaintiff Jeffrey Retzlaff sued officer John Smith and the City of Cumberland under 42 U.S.C. § 1983 for events that occurred during a traffic stop in the City of Cumberland, Wisconsin on January 5, 2007. In an order dated May 2, 2010, I granted summary judgment in favor of defendants. In the order, I explained that plaintiff did not comply with this court's summary judgment procedures because he failed to file any findings of facts or respond to defendants' proposed findings of facts. Consequently, in accordance with this court's summary judgment procedures, I treated defendants' properly proposed facts as undisputed.

Plaintiff moves for relief pursuant to Fed. R. Civ. P. 60(b), contending that the court should excuse his failure to file a response to defendants' findings of fact because he had actually prepared responses but failed to file them due to some mistake or inadvertence. Dkt. 22. He points to the first sentence of his brief in opposition to defendants' motion for summary judgment as evidence that he in fact prepared proposed facts and responses. This sentence reads:

> The facts need not be rehearsed in great detail here, as proposed findings and counter findings and the responses to them pursuant to the Court's procedures will yield a large corpus of facts. . . .

Plaintiff further contends that if he had filed his prepared response (which he has attached to his motion for reconsideration), the court would have found the existence of a genuine issue of

material fact that would have made summary judgment improper.  Finally, plaintiff asks that the court consider his counsel's "consistent record of compliance with the court's procedures" in deciding whether to grant his motion for reconsideration.  Not surprisingly, defendants oppose plaintiff's motion.

I am denying plaintiff's motion.  Fed. R. Civ. P. 60(b) allows for relief from a final judgment, order or proceeding for several reasons, including "mistake, inadvertence, surprise, or excusable neglect."  Relief under Rule 60(b) "is an extraordinary remedy and is granted only in exceptional circumstances."  *Harrington v. City of Chicago*, 433 F.3d 542, 546 (7th Cir. 2006) (quoting *Karraker v. Rent-A-Center, Inc.*, 411 F.3d 831, 837 (7th Cir. 2005)).  The Seventh Circuit has expressed repeatedly that district courts should not grant Rule 60(b) relief for cases of "inexcusable [attorney] inattentiveness and neglect."  *Easley v. Kirmsee*, 382 F.3d 693, 698 (7th Cir. 2004) ("Although attorney carelessness can constitute 'excusable neglect' under Rule 60(b)(1), attorney inattentiveness to litigation is not excusable, no matter what the resulting consequences the attorney's somnolent behavior may have on a litigant.") (internal citations omitted); *BakeryMachinery & Fabrication, Inc. v. Traditional Baking, Inc.*, 570 F.3d 845, 848 (7th Cir. 2009) ("A lawyer who inexcusably neglects his client's obligations does not present exceptional circumstances."); *Castro v. Board of Educ. of City of Chicago*, 214 F.3d 932, 935 (7th Cir. 2000) (affirming denial of Rule 60(b) relief where attorney provided no adequate reason for missing court deadlines); *Helm v. Resolution Trust Corp.*, 84 F.3d 874, 878 (7th Cir. 1996) ("[I]nexcusable attorney negligence does not constitute proper grounds for relief under Rule 60(b)(1)."); *Williams v. Hatcher*, 890 F.2d 993, 996 (7th Cir. 1989) ("It is well established that carelessness or lack of due care on the party of a litigant or [his] attorney does not provide a

basis for relief under Rule 60(b)") (internal quotations omitted); *Cato v. Thompson*, 118 Fed. Appx. 93, 96-97, 2004 WL 2828955, *3 (7th Cir. 2004) (unpublished) (affirming district court's finding that counsel's failure to respond to summary judgment not an "exceptional circumstance" under Rule 60(b)).  Plaintiff has the burden of proving that his mistake or neglect was excusable and qualifies as exceptional circumstances.  *Helm*, 84 F.3d at 878.  He has not met this burden.

First, plaintiff has offered no compelling reason why he failed to file proposed findings of fact or responses to defendants' proposed findings.   In his one-page motion for reconsideration, plaintiff states only that he prepared the documents but did not file them due to some "inexplicabl[e]" mistake,  Plf.'s Br., dkt. 22, at 2, which by definition provides the court no reason to excuse it.  Further, plaintiff has not stated clearly whether he finished preparing his proposed findings of fact and responses to defendants' proposed findings in a timely manner. In his motion for reconsideration, plaintiff states only that his attorney "*drafted* both proper responses to the Defendants' Proposed Findings of Fact and proper Proposed Findings of Fact at the same time the Plaintiff's Brief and other submissions in response to the Defendants' Motion for Summary Judgment were prepared . . . ." *Id.* at 1 (Emphasis added).  However, the statement in plaintiff's brief in opposition to summary judgment that "proposed findings and counter findings and the responses to them pursuant to the Court's procedures *will* yield a large corpus of facts . . ." does not establish this point, and plaintiff did not cite any proposed facts in his brief in opposition to summary judgment; rather, all citations were directly to declarations, depositions or discovery responses.

Second, plaintiff has offered no explanation for his failure to correct his mistake in a timely manner.  As defendants point out in opposing reconsideration, plaintiff filed his summary judgment submissions electronically through ECF.  Whenever a party files materials through ECF, the parties' attorneys or legal assistants receive instantaneous email notification.  The absence of a relevant ECF email notification would have alerted counsel immediately to the deficiency in his submissions.  Further, defendants notified plaintiff of the error in their reply brief in support of summary judgment by devoting an entire section to plaintiff's failure to file proposed findings of fact or responses to proposed findings of fact.  Dfts.' Reply Br., dkt. 20, at 2-3.  Despite plaintiff's notice of his error, he never sought leave to correct the error during the two months that the summary judgment motion was pending, waiting until the court's order had issued to raise this issue.  Given this court's ongoing judge shortage, heavy caseload and aggressive calendaring, it is not inclined to redo all its work on a summary judgment motion when the basis for declaring a mulligan was known–or   to counsel before the court picked up the case file.

Finally, plaintiff's attorney's "record of compliance with the court's procedures" is not enough to excuse plaintiff's failure to file appropriate documents in this case.  Plaintiff's attorney is a frequent, skilled and successful litigator in this court, which makes this gaffe all the more surprising.  But although this court may consider an attorney's "overall record of compliance with court deadlines" as one relevant fact bearing on whether Rule 60(b) relief should be granted, an attorney's record cannot be the *dispositive* fact.  *Robb v. Norfolk & Western Railway Co.*, 122 F.3d 354, 362 (7th Cir. 1997).  Thus, because plaintiff has provided no other reason to justify Rule 60(b) relief, counsel's good record cannot save him.

4

In sum, plaintiff has not explained adequately why he failed to comply with the court's summary judgment procedures and why he waited to attempt to correct his error until after judgment was granted against him .   Such circumstances are not "exceptional" and do not warrant relief from the judgment under Rule 60(b).


ORDER

It is ORDERED that plaintiff Jeffrey Retzlaff's motion, dkt. 22, for reconsideration of the summary judgment order or in the alternative, for relief from the order granting summary judgment pursuant to Fed. R. Civ. P. 60(b) is DENIED.


Entered this 27th day of May, 2010.

BY THE COURT:

/s/

STEPHEN L. CROCKER
Magistrate Judge

5